```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                                        :
O'CONNOR & FIERCE ASSOCIATES            :
                                        :
     v.                                 :  Civil Action No. DKC 2006-0328
                                        :
THE HARRIS DESIGN GROUP, P.C.           :
                                        :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of contract action are (1) Defendant's motion to stay, (2) Defendant's motion to dismiss for illegality of contract, and (3) Defendant's motion to dismiss for lack of standing to bring action and lack of diversity jurisdiction.  The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the following reasons, all motions will be denied.

Plaintiff, O'Connor & Fierce Associates, filed a single claim complaint against Defendant, The Harris Design Group, P.C., alleging breach of contract and seeking $804,724.16, plus interest and attorneys' fees and costs.[1]  The complaint alleges that Plaintiff is a citizen of Virginia and Defendant is a citizen of Maryland.  Further, the complaint alleges that a written contract was entered into between the parties on or about December 20, 2000 and a copy is attached to the complaint.  According to the

---

[1] Plaintiff is a consulting firm that provides assistance to companies seeking to do business with the federal government, including helping companies obtain contracts with the United States General Services Administration.

contract, Defendant was required to pay Plaintiff a 10% commission on any work resulting from the United States General Service Administration's ("GSA") multiple award schedule, and beginning in 2002, the commission was reduced to 6%, except for work brought in by Plaintiff.  Plaintiff alleges that Defendant has failed to pay the commissions as required.

**I. Rule 12(b)(1)**

A motion to dismiss for lack of subject matter jurisdiction is governed by Fed.R.Civ.P. 12(b)(1) and Plaintiff has the burden of proving the existence of subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).  Such a challenge may take two forms: a facial challenge to the allegations in the complaint or a factual challenge. *Beatty v. U.S. Food & Drug Admin.*, 12 F.Supp.2d 1339, 1342 (S.D.Ga. 1997). The first burden on a plaintiff is to allege facts sufficient to show jurisdiction. Even if that hurdle is crossed, however, a defendant may challenge the assertions in a motion to dismiss:

> A Rule 12(b)(1) motion can challenge the substance of a complaint's jurisdictional allegations in spite of its formal sufficiency by relying on affidavits or any other evidence properly before the court. "It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair* [*v. City of Chico*, 880 F.2d 199] at 201 [(9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541, 107 L.Ed.2d 539 (1989)].

*New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995). Moreover,

> When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.; Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Trentacosta, supra*, 813 F.2d at 1559 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Trentacosta, supra*, 813 F.2d at 1558.

*Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), *cert. denied*, 503 U.S. 984 (1992). A district court may resolve the jurisdictional issue in two ways:

> The court may find insufficient allegations in the pleadings, viewing the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6). Alternatively, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. Where the court conducts an evidentiary hearing and engages in fact-finding to determine the jurisdictional question, a problem may arise if the

3

> jurisdictional facts are intertwined with the merits of the dispute; if this occurs, ordinarily the entire dispute is appropriately resolved by a proceeding on the merits.

*Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Defendant also contends that Plaintiff lacks standing:

> Standing is a core element of federal subject matter jurisdiction; thus it is subject to the same standard of review that applies to a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). *Falwell v. City of Lynchburg, Virginia*, 198 F.Supp.2d 765, 771 (W.D.Va. 2002).

*Trinity Outdoor, L.L.C. v. City of Rockville*, No. Civ JFM-03-2372, 2004 WL 78054, *1 (D.Md. Jan. 14, 2004), *aff'd*, 123 Fed.App'x. 101 (4th Cir. 2005). A plaintiff must allege facts demonstrating that it is a proper party to seek relief. *United States v. Hays*, 515 U.S. 737, 743 (1995).[2]

Defendant first argues that the entity with which it entered into a contract was O'Connor & Fierce Associates located in the District of Columbia, and not Plaintiff corporation, which was only formed in the Commonwealth of Virginia in 2002. In a declaration signed by Robert A. Harris, Defendant concedes that it entered into the contract, but not with a Virginia corporation. Instead, Mr. Harris states that he conducted business with O'Connor & Fierce Associates in the District of Columbia.

---

[2] Standing is related to, but different than, the real party in interest question. Fed.R.Civ.P. 17(a).

In a declaration submitted by Michael J. O'Connor, president of O'Connor & Fierce, he states that its principal place of business is in Leesburg, Virginia, and it has maintained offices in both Virginia and the District of Columbia since 1978. It operated as a partnership from 1978 until it was incorporated under the laws of the Commonwealth of Virginia on December 20, 2002.

Plaintiff has submitted sufficient information to survive the motion to dismiss. The named plaintiff is O'Connor & Fierce Associates. Although the complaint recites that it is a corporation, the term "Inc." is not included anywhere that the plaintiff is identified. The facts alleged in the complaint, even when explained by the declaration of Mr. O'Connor, suffice. Plaintiff alleges that it is the entity that entered into the contract under which damages are sought.

Defendant also argues that there is an insufficient amount in controversy because the claim for $804,724.16 is factually incorrect and the amount should be $56,119.87. Defendant contends that the commission should be calculated on net sales rather than gross sales. Defendant is free to defend on the basis that any commissions are owed only on net sales and Plaintiff may face consequences under 28 U.S.C. § 1332(b) if it recovers less than $75,000, but Plaintiff has supplied sufficient allegations to invoke this court's diversity jurisdiction.

**II. Motion to Dismiss for Illegality of Contract**

A Fed.R.Civ.P. 12(b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). If any possible basis for relief has been pled, the court must deny the motion to dismiss. *Swierkiewicz*, 534 U.S. at 514. In deciding a Rule 12(b)(6) motion, the court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc. v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D.Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998). The court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action. *Id.*

Because Plaintiff alleges it helped Defendant secure work with the GSA, Defendant contends that Plaintiff must allege facts to satisfy 41 U.S.C. § 254[3] and 48 CFR § 3.4,[4] that Plaintiff cannot

---

[3] 41 U.S.C. § 254(a) addresses GSA contracts and provides:

> Except as provided in subsection (b), contracts awarded after using procedures other than sealed-bid procedures may be of any type which in the opinion of the agency head will
> 
> (continued...)

---

[3](...continued)
promote the best interests of the Government. Every contract awarded after using procedures other than sealed-bid procedures shall contain a suitable warranty, as determined by the agency head, by the contractor that no person or selling agency has been employed or retained to solicit or secure such contract upon an agreement or understanding for a commission, percentage, brokerage, or contingent fee, excepting bona fide employees or bona fide established commercial or selling agencies maintained by the contractor for the purpose of securing business, for the breach or violation of which warranty the Government shall have the right to annul such contract without liability or in its discretion to deduct from the contract price or consideration the full amount of such commission, percentage, brokerage, or contingent fee.  The preceding sentence does not apply to a contract for an amount that is not greater than the simplified acquisition threshold or to a contract for the acquisition of commercial items.

[4] Section 3.401 defines the following terms:

"Bona fide agency" means an established commercial or selling agency, maintained by a contractor for the purpose of securing business, that neither exerts nor proposes to exert improper influence to solicit or obtain Government contracts nor holds itself out as being able to obtain any Government contract or contracts through improper influence.

"Bona Fide employee" means a person employed by a contractor and subject to the contractor's supervision and control as to time, place, and manner or performance, who neither exerts nor proposes to exert improper influence to solicit or obtain Government contracts nor holds out as being able to obtain any Government contract of contracts
(continued...)

state a claim for relief because an agreement for commissions is not legal and because Plaintiff is not a bona fide agent under the allowed exceptions to the commission/contingent fee contract limitations. Apparently based on the response filed by Plaintiff and the attachments, Defendant agrees that Plaintiff can state a claim, but has not, and thus should be required to amend the complaint.

The history and purpose of § 254 was set forth by the court in *Furnary v. Merritt*, 837 P.2d 192, 195 (Colo.App. 1991): "The overall purpose of this provision is to prevent improper or undue influence by middlemen in affecting governmental decisions. *See Quinn v. Gulf & Western Corp.*, 644 F.2d 89 (2nd Cir. 1981)." *See also, Puma Indus. Consulting, Inc. v. Daal Assocs., Inc.*, 808 F.2d 982 (2nd Cir. 1987). More importantly, however, the illegality of any contract is an affirmative defense, which must be pled by Defendant:

> Although the illegality of the contracts upon which Farmers Co-op is suing is an issue in the case, and indeed an issue controlled by federal law, the illegality, voidness, or voidability of a contract is an affirmative defense to enforcement of the contracts in question. *Fees v. Mutual Fire and Auto. Ins. Co.*, 490 N.W.2d 55, 58 (Iowa 1992) (defenses to breach of contract include that the

---

[4](...continued)
through improper influence.

"Contingent fee" means any commission, percentage, brokerage, or other fee that is contingent upon the success that a person or concern has in securing a Government contact.

>    contract is void or voidable, or that admitting the facts of the adverse pleading, the defendant is entitled to avoid their legal effect, and such affirmative defenses must be pleaded and proved by the party seeking to avoid the contract); *accord McCabe/Marra Co. v. Dover*, 100 Ohio App.3d 139, 652 N.E.2d 236 (illegality or invalidity of a contract is an affirmative defense that must be pleaded and proved by the party seeking to avoid the contract), *appeal not allowed*, 72 Ohio St.3d 1529, 649 N.E.2d 839 (Ohio 1995); *Rice v. James*, 844 S.W.2d 64 (Mo.Ct.App. 1992) (illegality of a contract is an affirmative defense that must be pleaded and proved by the party seeking to avoid the contract); *MJR Corp. v. B & B Vending Co.*, 760 S.W.2d 4 (Tex.Ct.App. 1988) (illegality of a contract is a defensive issue to be pleaded and proved by the defendant in a suit over breach of contract).

*Farmers Co-op. Elevator v. Doden*, 946 F.Supp. 718, 730 (N.D.Iowa 1996). The United States Court of Appeals for the Fourth Circuit recognized the claim of illegality as an affirmative defense in *Defender Industries, Inc. v. Northwestern Mutual Life Insurance Co.*, 938 F.2d 502, 507-08 (4th Cir. 1991) and *Smithy Braedon Co. v. Hadid*, 825 F.2d 787 (4th Cir. 1987). Thus, it is Defendant, and not Plaintiff, who must assert illegality in the pleadings.

**III. Motion to Stay**

Finally, Defendant has moved the court to stay proceedings pending the court's resolution of the standing and diversity jurisdiction issues. In light of the foregoing, Defendant's motion to stay will be denied as moot.

          /s/
DEBORAH K. CHASANOW
United States District Judge
